IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02712-GPG

JAMES WILFRED HALL,

     Plaintiff,

v.

WARDEN JAMES FALK,
SGT. BROWN,
CO. M. LEMILY, and
CO. M. FLINT,

     Defendants.

---

## ORDER OF DISMISSAL

---

     Plaintiff, James Wilfred Hall, is a prisoner in the custody of the Colorado Department of Corrections.   Mr. Hall has filed *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 claiming his constitutional rights were violated when Defendants failed to protect him from being assaulted by his cellmate in November 2012. On December 16, 2015, Magistrate Judge Gordon P. Gallagher ordered Mr. Hall to show cause why this action should not be dismissed as barred by the statute of limitations.   Mr. Hall has not filed a response to the show cause order despite being given an opportunity to do so.

     Pursuant to 28 U.S.C. § 1915A, the Court must review the Prisoner Complaint because Mr. Hall is a prisoner and he is seeking redress from officers or employees of a governmental entity.   Pursuant to § 1915A(b), the Court is required to dismiss the Prisoner Complaint if the claims asserted are legally frivolous.   A legally frivolous claim is

one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.   *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989).   For the reasons stated below, the Court will dismiss the Prisoner Complaint as legally frivolous.

The Court must construe the Prisoner Complaint liberally because Mr. Hall is not represented by an attorney.   *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   If the Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."   *Hall*, 935 F.2d at 1110.   However, the Court should not be an advocate for a *pro se* litigant.   *See id.*

The statute of limitations is an affirmative defense.   *See* Fed. R. Civ. P. 8(c)(1). However, dismissal under § 1915 on the basis of an affirmative defense is permitted "when the claim's factual backdrop clearly beckons the defense."   *Fratus v. DeLand*, 49 F.3d 673, 676 (10th Cir. 1995).   Thus, the Court may dismiss a claim *sua sponte* on the basis of an affirmative defense if the defense is "obvious from the face of the complaint" and "[n]o further factual record [is] required to be developed in order for the court to assess the [plaintiff's] chances of success."   *Yellen v. Cooper*, 828 F.2d 1471, 1476 (10th Cir. 1987).

"Congress did not establish a statute of limitations or a body of tolling rules applicable to actions brought in federal court under § 1983."   *Board of Regents v.*

*Tomanio*, 446 U.S. 478, 483 (1980).   Therefore, the Court must borrow "the state law of limitations governing an analogous cause of action."   *Id.* at 483-84.   In most § 1983 actions, "a state statute of limitations and the coordinate tolling rules" are "binding rules of law."   *Id.* at 484.

The applicable statute of limitations for a § 1983 claim in Colorado is two years. *See Blake v. Dickason*, 997 F.2d 749, 750-51 (10th Cir. 1993).   "Although state law determines the applicable statute of limitations period, federal law governs the particular point in time at which a claim accrues."   *Kripp v. Luton*, 466 F.3d 1171, 1175 (10th Cir. 2006).   Under federal law, a § 1983 claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action."   *Id.* (internal quotation marks omitted).

Mr. Hall's claims are premised on events that occurred in November 2012 and he alleges facts that demonstrate he was aware of his injuries when they occurred. Because Mr. Hall waited more than three years before initiating this action on December 15, 2015, the affirmative defense of the statute of limitations is obvious on the face of the complaint.

Mr. Hall has not responded to Magistrate Judge Gallagher's show cause order and he fails to allege any facts that demonstrate statutory or equitable tolling is appropriate in this action.   With respect to equitable tolling, the State of Colorado recognizes the doctrine of equitable tolling to suspend a statute of limitations period "when flexibility is required to accomplish the goals of justice."   *Morrison v. Goff,* 91 P.3d 1050, 1053 (Colo. 2004) (internal quotation marks omitted).   Thus, equitable tolling of a statute of

limitations is appropriate "when plaintiffs did not timely file their claims because of 'extraordinary circumstances' or because defendants' wrongful conduct prevented them from doing so." *Id.* However, "statutes of limitations compel litigants to pursue their claims in a timely manner." *Dean Witter Reynolds, Inc. v. Hartman*, 911 P.2d 1094, 1099 (Colo. 1996). Therefore, even if Mr. Hall could allege facts that demonstrate extraordinary circumstances or wrongful conduct that prevented him from filing a claim, he also must allege facts that demonstrate he diligently pursued his claim when possible. *See id.* at 1097. "[W]hen the dates given in the complaint make clear that the right sued upon has been extinguished, the plaintiff has the burden of establishing a factual basis for tolling the statute." *Aldrich v. McCulloch Properties, Inc.,* 627 F.2d 1036, 1041 n. 4 (10th Cir. 1980).

Mr. Hall fails to allege specific facts that demonstrate equitable tolling of the statute of limitations is appropriate. Therefore, the action is barred by the statute of limitations and will be dismissed as legally frivolous. The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Prisoner Complaint and the action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915A(b). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this ___28th___ day of ___January_____, 2016.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court